**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000770
30-APR-2015
07:57 AM**

NO. CAAP-12-0000770

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SYLVIA CABRAL, Plaintiff-Appellant,
v.
CARLSMITH BALL WICHMAN CASE ICHIKI, ATTORNEYS AT LAW;
TOM LEUTENEKER, ESQ.; PAUL UEOKA ESQ.; DOE DEFENDANTS 1-100;
JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100;
DOE CORPORATIONS 1-100; (UNKNOWN DEFENDANTS) COMPANIES
OR CORPORATIONS, Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0574(3))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Plaintiff-Appellant Sylvia Cabral (Cabral), pro se, appeals from a Final Judgment and Decree Dismissing Complaint With Prejudice, entered September 20, 2012, in the Circuit Court of the Second Circuit[1] (circuit court). Judgment was entered against Cabral and in favor of Defendants-Appellees Carlsmith Ball Wichman Case and Ichiki, LLC,[2] Tom Leuteneker, and Paul Ueoka, (collectively, the Defendants) pursuant to an Order Granting Defendants' Motion to Dismiss and/or For Summary Judgment.

---

[1] The Honorable Joseph E. Cardoza presided.

[2] Carlsmith Ball Wichman Case and Ichiki, LLC, were known as Carlsmith Ball, LLP, by time the Judgment was entered.

As best as can be discerned,[3] Cabral contends the circuit court erred by (1) striking Cabral's memoranda in opposition to the Defendants' Motion to Dismiss and/or For Summary Judgment for untimeliness and excessive length; and (2) granting Defendants' motion because there were genuine issues of material fact as to whether the statute of limitations lapsed and whether Cabral stated a claim upon which relief could be granted.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Cabral's points of error as follows and affirm.

**(1) Alleged Striking of Cabral's Memoranda in Opposition.**

In granting the Defendants' Motion to Dismiss and/or For Summary Judgment, the circuit court noted that because Cabral's memoranda in opposition to the motion was untimely under the Rules of the Circuit Courts of the State of Hawaiʻi (RCC) Rule 7(b) and exceeded the page limit of 20 pages provided in RCC Rule 7.1, the memoranda in opposition <u>could</u> be stricken, which would result in the granting of the Defendants' motion.[4] However, the circuit court did not enter an order striking Cabral's memoranda in opposition and instead considered Cabral's

---

[3] Cabral's opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28 in many ways, which alone raises the potential for dismissal of the appeal and/or waiver of issues sought to be raised. <u>Bettencourt v. Bettencourt</u>, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995); HRAP Rule 30 ("When the brief of an appellant is otherwise not in conformity with these rules, the appeal may be dismissed . . . ."); HRAP Rule 28(b)(4) & (7). However, we seek to address cases on the merits where possible and thus we address Cabral's arguments to the extent they are discernable. <u>See</u> <u>Bettencourt</u>, 80 Hawaiʻi at 230, 909 P.2d at 558.

[4] Pursuant to RCC Rules 7 and 7.1, Cabral's memoranda in opposition to the Defendants' motion was untimely and exceeded the page limit. RCC Rule 7(b) mandates that opposition to any motion must be filed not less than eight days before the date of the hearing. Cabral does not dispute that she filed her memoranda in opposition five days before the hearing. RCC Rule 7.1 mandates that memoranda in opposition to any motion shall not exceed twenty pages in length exclusive of affidavits, exhibits and attachments. In response to the Defendants' motion, Cabral filed a 24-page "Plaintiff's Objections to Motion to Dismiss", a 12-page "Memorandum in Support", and a 5-page purported "Declaration of Sylvia Cabral", all of which provided substantive argument and amount to memoranda in opposition.

arguments in ruling against her on the merits of the Defendants' motion. Therefore, this point of error lacks merit.

**(2) Motion to Dismiss and/or For Summary Judgment.**

The circuit court did not err in granting the Defendants' Motion to Dismiss and/or For Summary Judgment. The circuit court granted the Defendants' motion on the grounds that the complaint was time barred and that Cabral failed to state a claim upon which relief could be granted.[5]

The circuit court referred to both Hawai'i Rules of Civil Procedure (HRCP) Rule 12 and Rule 56 in granting the motion. However, because the Defendants attached a declaration and exhibits to their motion, which it appears the circuit court considered, the motion was transformed into an HRCP Rule 56 motion for summary judgment. Wong v. Cayetano, 111 Hawai'i 462, 476, 143 P.3d 1, 15 (2006).

Cabral appears to contend that the circuit court erred because there are genuine issues of material fact whether the statute of limitations lapsed and whether she has alleged colorable claims. We conclude that summary judgment was properly granted because Cabral's claims are barred by the statute of limitations.

In her complaint filed on June 6, 2012, Cabral specified two causes of action: (1) Tortious Interference ("Contractual Breach of Good Faith Fair Dealing" and "Aiding and Abetting Breach of Contract") and (2) Negligence. Cabral appears to assert that the Defendants interfered with her contractual relationship with Palisade Pointe Estates (Palisade Pointe), which allegedly agreed to sell property to Cabral in 1997. The Defendants represented Edward Bates (Bates), owner of Palisade Pointe, and Palisade Pointe in the 1997 transaction. Palisade Pointe's alleged failure to convey the property led to Cabral filing a complaint in 2003 against Palisade Pointe and Bates (2003 Lawsuit). The Defendants appear to have represented Palisade Pointe and Bates in at least part of the 2003 Lawsuit.

---

[5] The circuit court also noted that the complaint was an effort to relitigate a prior ruling from a separate case.

As part of her claims in this case, Cabral alleges that the Defendants conspired to defraud Cabral of title to property by aiding Palisade Pointe in its breach of contract.

Based on her allegations of two torts,[6] the pertinent statute of limitations is two years after the cause of action accrues, Hawaii Revised Statute (HRS) § 657-7 (1993), which occurred when Cabral knew or should have known of the Defendant's alleged tortious actions. See Kaho'ohanohano v. State, 117 Hawai'i 262, 315, 178 P.3d 538, 591 (2008).

In support of their motion, the Defendants attached the complaint in the 2003 Lawsuit, a first amended complaint in the 2003 Lawsuit, Cabral's 2011 motion to bring claims against the Defendants as third-party defendants in the 2003 Lawsuit that alleged the Defendants were complicit in preventing conveyance of the property,[7] and the order denying Cabral's motion to bring claims against the Defendants in the 2003 Lawsuit. As asserted by the Defendants, their motion taken together with the pleadings, affidavits, and attached exhibits, establish that there is no genuine issue of material fact that by at least 2003, Cabral knew of the failed transfer of the property and that the Defendants represented Palisade Pointe in the transaction. Cabral chose to only file suit against Palisade Pointe and Bates in the 2003 Lawsuit. Moreover, the allegations made in Cabral's complaint in this case and in her pleadings in the 2003 Lawsuit show that she knew or should have known, more than two years before the filing of the instant complaint, of the Defendants' alleged actions that purport to support her claims in this case.[8]

---

[6] The elements of tortious interference are "(1) a contract between the plaintiff and a third party, (2) the defendant's knowledge of the contract, (3) the defendant's intentional inducement of the third party to breach the contract, (4) absence of justification on the defendant's part, (5) the subsequent breach of the contract by the third party, and (6) damages to the plaintiff." Beclar Corp. v. Young, 7 Haw. App. 183, 193, 750 P.2d 934, 940 (1988) (citations and block format omitted).

[7] This motion is substantially similar in language to Count I of the complaint in the instant matter.

[8] Even assuming that Cabral asserts other types of claims and that the six-year statute of limitations applies, under either HRS § 657-1(1) or (4)
(continued...)

In her response to the Defendants' motion in this case, Cabral did not present admissible evidence of when she discovered the Defendants' alleged tortious actions, and she presented no argument or admissible evidence as to why she reasonably could not have discovered her claims against the Defendants until after June 2010, within two years of filing her complaint in this case. Instead, Cabral noted that the relevant exhibits "have been in the record since 2003."[9] Further, Cabral provided a document entitled "Declaration of Sylvia Cabral" but it fails to comply with the requirements of a declaration in lieu of affidavit. See RCC Rule 7(g); RCC Form C-4; HRCP Rule 56(e). Thus, she did not submit any admissible evidence in addressing the Defendants' motion. Cabral has failed to demonstrate that there is a genuine issue of material fact as to whether the statute of limitations bars her claims in this case.

Therefore, IT IS HEREBY ORDERED that the Final Judgment and Decree Dismissing Complaint With Prejudice, entered September 20, 2012, in the Circuit Court of the Second Circuit is affirmed.

DATED:  Honolulu, Hawai'i, April 30, 2015.

On the briefs:

Sylvia Cabral, pro se

Tom C. Leuteneker
Michael J. Scanlon
(Carlsmith Ball LLP)
for Defendants-Appellees

*Craig H. Nakamura*
Chief Judge

*Lawrence M. Reifurth*
Associate Judge

*Associate Judge*

---

[8] (...continued)
(1993), the statute of limitations still lapsed prior to the filing of the 2012 complaint in this case.

[9]  To the extent that Cabral's claims are based on alleged mortgages purportedly recorded in 2005, Cabral's memoranda in opposition to the Defendants' motion asserted that the documents were filed in the Bureau of Conveyances, thus they were part of the public record and discoverable through due diligence at a time when Cabral's 2003 Lawsuit was pending.